## Prudential Insurance Company of America, Appellant, *v.* Adamshick.

Argued March 4, 1936.

Before KELLER, P. J.,
CUNNINGHAM, BALDRIGE, PARKER, JAMES and RHODES,
JJ.

*A. A. Vosburg,* of *Vosburg & Vosburg,* with him *R. B. Sheridan,* for appellant.

*P. J. O'Connor,* with him *J. Q. Creveling,* for appellee.

OPINION BY CUNNINGHAM, J., July 10, 1936:

By this appeal the plaintiff insurance company challenges a decree in equity sustaining preliminary objections to its bill to compel the surrender and cancellation of one of its life insurance policies and certifying the case to the law side of the court, pursuant to Equity Rule No. 49.

The policy was issued October 11, 1932, in the sum of $1,000, upon the life of George Adamshick, and designated his wife, Margaret Adamshick, appellee herein, as the beneficiary. Attached to the policy was an appli-

cation in a part of which the insured, in lieu of a medical examination, made certain declarations with respect to his condition of health and previous medical attendance and treatment.

Two of the provisions of the policy material at this time read:

"Incontestability—This policy shall be incontestable after two years from its date of issue, except for nonpayment of premiums.

"Entire Contract Contained in This Policy—This policy together with the application, a copy of which is attached hereto, contains and constitutes the entire contract between the parties hereto, and all statements made by the insured shall in the absence of fraud be deemed representations and not warranties, and no statement shall avoid the policy or be used as a defense to a claim thereunder unless it be contained in the application for the policy and unless a copy of such application be endorsed upon or attached to the policy when issued."

The death of the insured occurred on April 8, 1933, —within the contestable period—and the beneficiary made claim for the full amount of the policy, but up to October 8, 1934, two days prior to the expiration of the period, had not commenced any action at law upon the policy.

On the last mentioned date appellant instituted a "contest" of its liability to pay the beneficiary any sum in excess of the single premium received by it ($13.66) by the filing of the present bill for the surrender and cancellation of the policy upon the ground that it had been procured by fraud.

The following paragraph from the opinion of the court below accurately summarizes the material averments of the bill:

"On October 8, 1934, the plaintiff filed its bill in equity averring that the insured had falsely answered ques-

tions contained in the application; that he represented that he was in good health; that he had not been attended by a physician for a period of three years; that he had had no serious illness and had received no medical or surgical treatment; and that he answered in the negative a question as to whether he had ever had cancer or tumor. The bill also averred that at the time of the making of said application the insured was suffering from sarcoma or serious tumor of the neck; that he had been attended within three years by physicians; that he had received treatment in a hospital; and that he then was and had been suffering from a serious illness."

The grounds. upon which the beneficiary based her preliminary objections were, substantially, that "plaintiff has a full and adequate remedy at law on the facts averred in [its] bill" and "the defendant has a legal right to have her case tried at law by a jury."

This case is ruled by our decision in Prudential Insurance Company of America v. William Ptohides, 122 Pa. Superior Ct. 469, 186 A. 386.

The cases differ on their facts in only two respects; in the Ptohides case the contestable period had not so nearly expired and there the court below dismissed the bill.

We have stated in the Ptohides case our reasons for concluding that, under a state of facts such as this record discloses, a life insurance company does not have an adequate remedy at law, and that its bill for cancellation should not be dismissed nor should it be certified to the law side of the court.

Upon the grounds there stated, the assignments of error to the action of the court below in certifying this case must be sustained.

The decree is reversed at the costs of appellee; the bill is reinstated and the record remitted with a procedendo.

JAMES, J., dissents.